**SUPERIOR COURT**
**OF THE**
**STATE OF DELAWARE**

NOEL EASON PRIMOS                                        Kent County Courthouse
        JUDGE                                                          38 The Green
                                                                   Dover, DE  19901
                                                                     302-735-2131

Date Submitted:  October 26, 2020
Date Decided:  December 14, 2020

John S. Spadaro, Esquire                    Colin M. Shalk, Esquire
John Sheehan Spadaro, LLC                   Casarino Christman Shalk Ransom & Doss, P.A.
54 Liborio Lane                             1007 North Orange Street
Smyrna, Delaware 19977                      Nemours Building, Suite 1100
                                            P.O. Box 1276
                                            Wilmington, Delaware 19899

RE:   Spine Care Delaware, LLC v. State Farm Mut. Auto. Ins. Co. et al.
      Civil Action No. K18C-07-008 NEP

Dear Counsel:

Following remand of this matter from the Delaware Supreme Court, certain procedural issues arose that this Court needed to address.  The Court directed the parties to submit simultaneous written briefings on these issues.  This Letter Order constitutes the Court's decision on the issues.

## I.    INTRODUCTION

On October 29, 2019, this Court granted summary judgment in favor of Plaintiff Spine Care Delaware, LLC ("Spine Care"), finding that the application of Multiple Procedure Reductions ("MPR's") to bilateral and multilevel spinal injection procedures by Defendants State Farm Mutual Automobile Insurance Company and State Farm Fire

and Casualty Company (collectively, "State Farm") contravened 21 *Del C.* § 2118(a)(2), which requires, pursuant to Delaware-mandated Personal Injury Protection ("PIP") coverage, compensation for reasonable and necessary medical expenses.

On September 9, 2020, the Supreme Court reversed and remanded, finding that this Court had erred by improperly imposing the burden of proof on State Farm rather than on Spine Care, by failing to recognize that the reasonableness of Spine Care's fees was central to the case, and by employing an improper standard for determining the reasonableness of Spine Care's fees. Specifically, the Supreme Court remanded the case with instructions that Spine Care be required to prove the reasonableness of its fees pursuant to the appropriate standard. That is, Spine Care must show that its fees are reasonable using a flexible approach focusing on the most important factor in this context (*i.e.*, the ordinary and reasonable charges of similar situated professionals) rather than a rigid application of all the factors set forth in *Anticaglia v. Lynch*[1] and *Watson v. Metro Property & Casualty Insurance Co.*[2] On remand, the parties dispute the following: (1) whether additional discovery should be allowed on the issue the Supreme Court directed this Court to address (*i.e.*, the reasonableness of Spine Care's fees), and (2) whether there should be additional briefing.

Spine Care argues that additional discovery should not be permitted because (1) the parties submitted a stipulation of facts to avoid discovery, (2) the period for discovery has expired, (3) State Farm was aware of Spine Care's competitors prior to the discovery period's expiration, (4) State Farm made no application for discovery pursuant to Superior Court Civil Rule 56(f), (5) State Farm conceded at oral argument on the cross-motions for summary judgment that no factual disputes existed, and (6) by filing a summary judgment motion questioning the reasonableness of Spine Care's fees, State Farm has waived the right to further discovery on the issue. Spine Care argues in the alternative

---

[1] 1992 WL 138983 (Del. Super. March 16, 1992).
[2] 2003 WL 22290906 (Del. Super. Oct. 2, 2003).

that, if this Court permits additional discovery, it should be strictly limited. Spine Care further contends that no further briefing is necessary.

State Farm argues that the Court should permit additional discovery to determine the reasonableness of Spine Care's fees because the issue before this Court on remand is different from the issue for which Spine Care sought relief in its original complaint. State Farm further argues that additional discovery, while limited, should be more expansive than that advocated by Spine Care. Lastly, State Farm contends that additional briefing is necessary to address the issue this Court must now decide on remand.

## II.  DISCUSSION

### A.  The Court Will Allow Additional Limited Discovery

When this Court first heard the dispute between the parties in this litigation, both the Court and State Farm fundamentally misunderstood whether the reasonableness of Spine Care's fees was at issue in the case. The Court believed that the reasonableness of Spine Care's fees was not at issue because Spine Care had not requested that declaratory relief (*i.e.*, that its fees are reasonable as a matter of law) in its complaint. Likewise, State Farm took the position that the issue in the case was not the reasonableness of Spine Care's fees, but the reasonableness of State Farm's application of MPR's. Furthermore, while the parties entered into a stipulation of facts prior to the summary judgment briefing, the comparison of Spine Care's fees with those of its competitors was not addressed therein.

Spine Care relies on *Monsanto Company v. Aetna Casualty and Surety Company*[3] to argue that additional discovery should not be permitted. In *Monsanto*, the Supreme Court found that the trial court had acted appropriately in denying a request for additional discovery made as part of a motion for reargument of a motion for partial summary judgment, since the requesting party had already elected not to conduct discovery when

---

[3] 577 A.2d 754 (TABLE), 1990 WL 72535 (Del. 1990).

it filed its original motion. Moreover, the additional discovery was requested on an issue already decided by the trial court.[4] Here, the Supreme Court has now clarified that the issue of the reasonableness of Spine Care's fees is "central to the case"[5]—*i.e.*, if Spine Care's fees are reasonable, State Farm may not apply MPR's to reduce them.[6] That issue was specifically not decided by this Court, as the Supreme Court recognized.[7]

Because the issue on remand is not the same as the issue afforded attention during the previous proceedings, the Court finds that the parties should be entitled to additional discovery relating to the issue now before the Court. While State Farm's counsel represented at oral argument on the parties' cross motions for summary judgment that, from State Farm's perspective, there were no disputed issues of fact, State Farm did not waive its right to further discovery on the issue now before the Court because State Farm did not believe that that issue was the one being decided. State Farm repeatedly stated in its summary judgment briefing that the reasonableness of Spine Care's fees was not at issue in the case.[8] In addition, at oral argument before this Court, State Farm's counsel explicitly represented that, while State Farm viewed the record as closed for purposes of its summary judgment motion, "if the Court were to find that the real issue was the reasonableness of [Spine Care's] fees . . . there could be a fact question" and the Court "would want to actually hear from the witnesses."[9]

For the same reasons, Superior Court Civil Rule 56(f) is inapplicable, Spine Care's arguments to the contrary notwithstanding. That rule permits the trial court to allow a party opposing summary judgment to conduct additional discovery when that party "cannot for reasons stated present by affidavit facts essential to justify the party's opposition . . . ." Because State Farm was not aware (as indeed the Court itself was not)

---

[4] *Id.* at *2.

[5] *State Farm Mut. Auto. Ins. Co. v. Spine Care Delaware, LLC*, 238 A.3d 850, 861 (Del. 2020).

[6] *Id.* at 862.

[7] *Id.* at 861.

[8] *See* Defs.' Resp. to Plf.'s Mot. for Summary Judgment at 1, 3-5.

[9] Tr. of oral argument at 5:14-17.

that the issue properly before the Court at summary judgment was the reasonableness of Spine Care's fees, State Farm could not have been expected to request additional discovery on that point before the cross-motions were decided.  Therefore, State Farm is not barred by that provision from requesting additional discovery on the reasonableness issue at this time.

Spine Care argues that the Supreme Court did not indicate in its opinion that discovery should be reopened—but neither does that opinion prohibit additional discovery.  Indeed, the Supreme Court noted at one point that "[Spine Care] supported its position by submitting evidence that nearly all other PIP insurers (other than State Farm and USAA) fully pay [Spine Care's] fees for bilateral and multilateral injections," but on remand, the trial Court should determine the weight to be given that evidence "and any other evidence the trial court deems relevant."[10]  Because the issue on remand—the reasonableness of Spine Care's fees—is different from the issue previously before this Court, the parties should be permitted to submit additional evidence that will be relevant to deciding the issue.  Therefore, in fairness to State Farm, further limited discovery should be allowed.  Furthermore, the Court finds that further discovery would be helpful to it in deciding the issue now before it.

### B.  The Scope of Discovery Permitted

The Court will allow limited discovery on the issue of the reasonableness of Spine Care's fees.  This Court has historically allowed limited discovery on remand.[11]  However, the limitations requested by Spine Care are inappropriate.  Spine Care argues that, before State Farm may seek discovery from the nonparty competitors previously identified by Spine Care, State Farm should be required to search its own records for

---

[10] *Spine Care,* 238 A.3d at 863.

[11] *See Citadel Holding Corp. v. Roven*, 603 A.2d 818, 825 (Del. 1992) (directing this Court to "permit additional discovery consistent with this ruling and conduct a further hearing, if necessary, on the reasonableness issue"); *Stayton v. Clariant Corp.*, 2014 WL 28726, at *1 (Del. Jan. 2, 2014) (noting that additional discovery had occurred on remand).

medical bills from those competitors. Spine Care also argues that if discovery of Spine Care's competitors is permitted, that discovery should be limited to two 30-minute depositions.

The relevant inquiry to decide the issue now before this Court, as recognized by the Supreme Court, is the "ordinary and reasonable charges of similarly situated professionals."[12] Spine Care has identified two competitors, but this does not necessarily mean that they are the only two "similarly situated professionals" relevant to the inquiry. Therefore, the Court will not limit discovery to the two competitors identified by Spine Care.

The Court will also allow an inquiry into whether similarly situated professionals accept, as payment in full, fees reduced by MPR's. However, the Court cautions the parties that such information appears to be of doubtful relevance. The relevant inquiry is the "charges" of similarly situated professionals, not the amounts they may ultimately be paid: the Supreme Court made it clear that if Spine Care shows that its fees **charged** are reasonable, such fees may not be reduced by MPR's.[13]

### C. The Request for the Identification of Additional Experts

The Court will not allow the identification of additional experts at this stage of the litigation, as requested by State Farm. The sole issue before the Court is the reasonableness of Spine Care's fees. The Supreme Court has determined that "[t]he factor most germane to this case is the ordinary and reasonable charges usually made by members of the same profession of similar standing."[14] The Court fails to see how the potential testimony of an expert would satisfy the requirements of Delaware Rule of

---

[12] *Spine Care,* 238 A.3d at 861.

[13] *Id.* at 857 ("The burden . . . is on [Spine Care] to show that State Farm is not entitled to take the . . . MPR's. And to answer that question, [Spine Care] first has to demonstrate that its **charges** for the second and subsequent injections are reasonable. If it is determined that they are reasonable, then, under the statute, State Farm must pay them without reduction.") (emphasis supplied).

[14] *Id.* at 862.

Evidence 702(a).[15]  Should either party believe, following fact discovery, that there is a need for expert testimony, the Court will consider the party's application at that time.

### D. Additional Briefing and Scheduling Conference

The Court finds that additional briefing would be helpful to the Court in assessing the issues remanded by the Supreme Court.  Spine Care cites no authority for its assertion that this Court should not permit further briefing.  Delaware courts have called for additional briefing in similar instances.[16]

To address the duration of the limited discovery consistent with this letter, and to determine the length and sequence of the additional briefing along with other scheduling matters, the Court will schedule a conference with counsel in the near future.

**IT IS SO ORDERED.**

Sincerely,

/s/Noel Eason Primos
Judge

NEP/wjs
*Via Email*
oc:    Prothonotary

---

[15] *See* D.R.E. 702(a) (requiring that an expert's testimony "help the trier of fact to understand the evidence or to determine a fact in issue.").

[16] *See, e.g., California State Teachers' Ret. Sys. v. Alvarez*, 179 A.3d 824, 839, 855 (Del.), *cert. denied*, 139 S. Ct. 177 (2018) (observing that Court of Chancery had permitted supplemental briefing on remand and that additional briefing has benefits); *Quadrant Structured Prod. Co., Ltd. v. Vertin*, 115 A.3d 535, 542 (Del. Ch. 2015) (noting that there was additional briefing on remand).

7